

# THE ATTORNEY GENERAL
## OF TEXAS

GROVER SELLERS

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Dave McNeill, Jr.
County Attorney
Shelby County
Center, Texas

Dear Sir:

Opinion No. O-6213
Re:  Sale of beer to prisoners of
war in a dry area, and related
questions.

Your request for an opinion reads as follows:

"Shelby County is a 'dry county' having voted dry under the local option
law of 1906.  During the earlier part of this year, the U. S. Government,
located a prisoner of war camp within the county.  Recently, there has
been much dispute in the county as to whether or not beer could legally be
brought into this camp and there consumed by the soldiers of the U. S.
Army and the prisoners of war.  Because of this dispute between the U. S.
officers and the officials of the county, I hereby certify the following
questions of law to your office:

"1.  Is it lawful for beer to be brought into a prisoner of war camp,
such camp being located in a dry county, and there consumed by
soldiers and prisoners of war?

"2.  In the event you answer question one 'yes', then is it lawful for
such beer to be brought into this camp by common carrier?

"3.  Is it lawful for liquor, as defined in our penal code, Art. 666-32,
to be brought into such prisoner of war camp either by their own
vehicles or by common carriers?

"4.  What effect, if any, will the fact that such beer is 3.2 beer have
upon questions 1 and 2?"

The United States having acquired land in Shelby County for the
use of the general government as a camp for housing, caring for and guard-
ing prisoners of war has the unquestioned power to make such uses of the
property as may be authorized by the Acts of Congress or by officers of t he
government acting in pursuance of such Acts.  If it be determined by proper
officers that the sale of beer is a necessary or desirable measure for the
comfort, recreation or morals of such prisoners and the personnel thereon,
the State is without power to interfere with it, even though located in a
dry area.  We enclose our opinion No. O-4438 which discusses the authoriti-
es and reaches the same conclusion in an analagous situation.  Johnson v.
Yellow Cab Transit Co., 88 Law Ed. 553.

Following the reasoning of our former opinion and that of the Supreme Court of the United States, we rule: (1) that beer may lawfully be brought into the camp; (2) that since it is lawful, a common carrier may transport such beer to destination; (3) that vehicles of the government may transport such beer; and (4) the fact that it is 3.2 beer makes no difference. Unless prohibited by Act of Congress, the rule would be applicable to all liquors, regardlessof alcoholic content.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Elbert Hooper

Elbert Hooper
Assistant

EH:db:egw

APPROVED OCT 6, 1944
/s/ Carlos Ashley
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
Opinion Committee
By B.W.B.
Chairman